UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JIN-PYONG PETER YIM,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>NATIONAL INSTITUTES OF HEALTH,<br><br>　　　　Defendants. | Civ. Action No. 3:21-CV-07031-BRM-LHG |

**DECLARATION OF GORKA GARCIA-MALENE**

1.　　I, Gorka Garcia-Malene, declare the following to be true and correct. I am the Freedom of Information Act ("FOIA") Officer, National Institutes of Health ("NIH"), U.S. Department of Health and Human Services ("HHS" or "the Department"). I have held this position with NIH since October 15, 2017.

2.　　My duties include responding to requests for NIH records under FOIA, 5 U.S.C. § 552. These duties include managing searches for NIH records in response to FOIA requests, providing guidance to NIH record custodians or personnel regarding these searches and determining whether to release or withhold records or portions of records in accordance with FOIA and the HHS regulations implementing the FOIA.

3.　　I make this declaration based upon my personal knowledge and information available to me in my official capacity.

4.　　The purpose of this declaration is to describe NIH's administrative handling and processing of Plaintiff's FOIA request.

**NIH's Standard Review Process**

5. The NIH FOIA program is decentralized. Each institute or center (IC) has a FOIA staff dedicated to responding to requests. Requesters can send requests to the IC of interest or to NIH Office of the Director (OD). When an IC receives a request, it is placed into one of two tracks: Simple or Complex.

6. When responding to a FOIA request, the FOIA staff conducts a page-by-page, word-by-word review of all potentially responsive records in order to determine whether the document is responsive to the request, whether the information is publically available, whether information should be withheld under one or more of the nine exemptions to the FOIA, and whether the records contain the equities of other federal agencies or third-party stakeholders. During the review process, FOIA coordinators will consult with HHS program offices, federal agencies, or any other stakeholders of the records involved, as appropriate.

7. When a request requires a partial or full denial under a FOIA exemption, or relates to COVID, the request is processed by the FOIA program at the OD for the NIH FOIA Officer to manage. In these cases, my office reviews each page and makes a final determination as to each proposed withholding.

8. When the records are finalized, a response letter is prepared detailing the number of pages processed, the number of pages withheld in part, the number of pages withheld in full, the number of pages sent for referral, and the reasons for any withholdings. If the records have been made available to the public during the time between the FOIA request and my office's review, we send a letter to the requestor detailing where they may access the records.

**Administrative Processing of Plaintiff's FOIA Request**

9. On January 28, 2021, Plaintiff submitted a FOIA request via email to the NIH FOIA office seeking "all updates to the Coronavirus Disease 2019 (COVID-19) Treatment Guidelines that were endorsed by a vote of the Panel. (Date Range for Record Search: From 01/01/2021 To 01/28/2021)." Plaintiff also requested expedited processing citing that "the information requested is necessary for the public to have confidence in how the NIH is handling the pandemic." The request was received by NIH on January 29, 2021 and was assigned the NIH identifier Case # 55822 (see NIH Exhibit 1).

10. On February 11, 2021, NIH denied the request for expedite processing (see NIH Exhibit 2).

11. On March 7, 2021, Plaintiff requested an estimated completion date for the FOIA request (see NIH Exhibit 3). On March 8, 2021, NIH responded to the Plaintiff stating that the "request is being processed and is in the queue behind all other requests received ahead of yours…Once the review begins on any records responsive to your request, the NIH will provide an estimated completion date (see NIH Exhibit 4)."

12. On March 31, 2021, Plaintiff filed suit against NIH in the United States District Court, District of New Jersey (see NIH Exhibit 5).

13. On April 23, 2021, NIH finalized the search of the requested records, and determined that they had been posted for public inspection on the NIH official government website. NIH sent the Plaintiff the link to access all responsive documents (see NIH Exhibit 6).

14. On May 5, 2021, an email was sent to the Plaintiff explaining again that all updates to the Coronavirus Disease 2019 (COVID-19) Treatment Guidelines are publicly available. This email provided a more direct link to the records sought by the Plaintiff. On May

5, 2021, Mr. Yim replied to the email stating the "NIH's response is not acceptable. I insist that NIH confirm that the record that I requested does not exist." On May 6, 2021, another email was sent to the Plaintiff informing him that the records he requested *do* exist and that the records were made public and are posted on the NIH website. Plaintiff was informed that the records are available to him in electronic format and he was told if he was unable to access them himself, the NIH would provide him with a printed copy of the records. On May 6, 2021, Plaintiff responded, "I remain convinced that my case against the NIH is strong. I would like to discontinue this discussion."

15. On or about May 7, 2021, Defendants sent a letter to the Court requesting a telephone conference call in order to determine if the NIH had supplied Plaintiff with the responsive documents thereby mooting the matter. That request was denied.

16. On August 26, 2021, Defendants contacted Plaintiff asking him to supply the exact web link he wanted to be certified as the responsive record to his request, and Plaintiff responded with the exact link. On August 27, 2021, Defendants, complying with Plaintiff's request, replied to Plaintiff via email confirming that the specific Ivermectin-recommendation link he sent the day before was a valid NIH link and was responsive to his FOIA request. The Government also supplied Plaintiff with a Stipulation of Dismissal Without Prejudice for him to sign. On August 27, 2021 Plaintiff responded, stating that he wanted the change reflected in the formal FOIA response letter. On September 1, 2021 Defendants responded by issuing a revised formal letter containing the exact language specified by Plaintiff.

5

      I declare under penalty of perjury that the foregoing to true and correct, to the best of my information and belief.  28 U.S.C. § 1746.  Executed this 16th day of September, 2021

                                                             _____
                                                             Gorka Garcia-Malene
                                                             FOIA Officer, NIH