Jin-Pyong Peter Yim
912 Primrose Ct.
Belle Mead, NJ 08502
(908) 938-1135
yimpjp@virtualscalpel.com
Plaintiff, In Proper Person

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Jin-Pyong Peter Yim,**<br><br>Plaintiff<br><br>v.<br><br>**National Institutes of Health,**<br><br>Defendant | Civ. No. 3:21-CV-07031-ZNQ-LHG<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

1

# TABLE OF CONTENTS

On January 14, 2021, the National Institutes of Health ("NIH") updated their recommendation for the use of ivermectin for COVID-19. ........................................................................ 4

The NIH recommendation on ivermectin is influential. ........................................................ 4

NIH has not disclosed who made the ivermectin recommendation. ..................................... 4

On January 28, 2021, Jin-Pyong Peter Yim ("Yim") submitted a Freedom of Information Act ("FOIA") request to the NIH to find out who made the ivermectin recommendation. ......... 5

NIH violated FOIA by failing to respond to the FOIA request. ............................................ 5

NIH never remedied its violation of FOIA. ........................................................................... 6

    A. On April 23, 2021, NIH did not remedy its FOIA violation. ........................................ 6

    B. On June 30, 2021 NIH did not remedy its FOIA violation. .......................................... 7

    C. On August 27, 2021 at 10:41 am, NIH did not remedy its FOIA violation. ................. 8

    D. On September 1, 2021, NIH did not remedy its FOIA violation. ................................. 8

    E. On September 8, 2021, NIH did not remedy its FOIA violation. ................................. 9

On September 24, 2021, the NIH failed to make a case for summary judgement. ................ 9

Conclusion ............................................................................................................................... 9

## TABLE OF AUTHORITIES

<u>Statutes</u>                                                                                           <u>Page</u>

5 U.S.C. § 552 (a)(6)(A)(i) …………………………………………………………….... 6

5 U.S.C. § 552 (a)(3)(B)   ……………………………………………………………..8

5 U.S.C. § 552(a)(6)(A)(i)) ……………………………………………………………...8

<u>Rulings</u>

Oglesby v. United States Dep't of the Army, 920 F.2d 57, 67 (D.C. Cir. 1990)   ………………..8

<u>Other</u>

Update to the COVID-19 Treatment Guidelines  …………………………………………........4

COVID-19 Treatment Guidelines  …………………………………………………………….4,5

New York Times  ……………………………………………………………………………....4

Merriam-Webster Dictionary  ………………………………………………………………....7

Wikipedia  ……………………………………………………………………………………..7

**I.     On January 14, 2021, the National Institutes of Health ("NIH") updated their recommendation for the use of ivermectin for COVID-19.**

NIH stated that there was "insufficient evidence" to recommend "either for or against" the use of ivermectin. The update to the COVID-19 Treatment Guidelines ("UPD") is publicly available.[1] The full statement in the "Recommendation" section of the update is:

"The COVID-19 Treatment Guidelines Panel (the Panel) has determined that currently there are insufficient data to recommend either for or against the use of ivermectin for the treatment of COVID-19. Results from adequately powered, well-designed, and well-conducted clinical trials are needed to provide more specific, evidence-based guidance on the role of ivermectin for the treatment of COVID-19."

**II.    The NIH recommendation on ivermectin is influential.**

The media relies on the COVID-19 Treatment Guidelines[2] ("COV").  The Guidelines are cited by journalists such as Katherine J. Wu, Carl Zimmer and Jonathan Corum of the New York Times[3] in determining the  "25 of the most-talked-about treatments for the coronavirus." They state: "For details on evaluating treatments, see the Covid-19 Treatment Guidelines from the National Institutes of Health."

---

[1] https://files.covid19treatmentguidelines.nih.gov/guidelines/archive/statement-on-ivermectin-01-14-2021.pdf
[2] https://files.covid19treatmentguidelines.nih.gov/guidelines/archive/covid19treatmentguidelines-01-14-2021.pdf
[3] https://www.nytimes.com/interactive/2020/science/coronavirus-drugs-treatments.html

**III.     NIH has not disclosed who made the ivermectin recommendation.**

NIH appointed a panel to develop the COVID-19 Treatment Guidelines.  NIH disclosed the identities of 59 Panel members on an NIH website. *See COV*, Page 251.

Some recommendations are made by the Panel: "New Guidelines sections and recommendations are reviewed and voted on by the voting members of the Panel." *See COV*, Page 19.

Other recommendations in the COVID-19 Treatment Guidelines are made by the Panel co-chairs: "Updates to existing sections that do not affect the rated recommendations are approved by Panel co-chairs without a Panel vote" *See id.*

The "no rating" designation of the type of recommendation given to ivermectin is in the section "Method of Synthesizing Data and Formulating Recommendations" of the COVID-19 Treatment Guidelines.  *See id.* Since the ivermectin recommendation was not a "rated recommendation" it may have been made by the Panel co-chairs.

**IV.     On January 28, 2021, Jin-Pyong Peter Yim ("Yim") submitted a Freedom of Information Act ("FOIA") request to the NIH to find out who made the ivermectin recommendation.**

The FOIA request, assigned NIH case No. 55822, was:

"All updates to the Coronavirus Disease 2019 (COVID-19) Treatment Guidelines that were endorsed by a vote of the Panel. (Date Range for Record Search: From 01/01/2021 To 01/28/2021)".  *See ECF No. 1,* ¶ 21.

Given that the update for the ivermectin recommendation was made in the specified time period, the FOIA request tests whether a vote was held on the ivermectin recommendation.

### V. NIH violated FOIA by failing to respond to the FOIA request.

On March 29, 2021, Yim filed the complaint alleging that NIH failed to respond to the request within 20 working days. *See ECF No. 1, ¶ 27.*

On June 30, 2021, in the Answer, NIH admitted that it had not responded to the FOIA request within 20 working days. *See ECF No. 9, ¶ 27.*

NIH is required to "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reason therefore." 5 U.S.C. § 552 (a)(6)(A)(i).

### VI. NIH never remedied its violation of FOIA.

A. On April 23, 2021, NIH did not remedy its FOIA violation.

On April 23, 2021, NIH did not remedy its FOIA violation when it sent Yim a FOIA response letter. NIH provided non-responsive statements.

Statement 1: "All approved updates to the guidelines are posted online and can be found at https://www.covid19treatmentguidelines.nih.gov/whats-new/."*See ECF No. 20-4.*

Statement 2: "The documents posted on this website respond to your request in full." *See ECF No. 20-4.*

The first statement is unresponsive to the FOIA request. The FOIA request was not for updates to the COVID-19 Treatment Guidelines that were "approved". The FOIA request was for updates to the COVID-19 Treatment Guidelines that were "endorsed by a vote of the Panel".

The meaning of the second statement is unknown. In the second statement, the term "website" has at least two meanings.

The Merriam-Webster Dictionary defines "website" as: "a group of World Wide Web pages usually containing hyperlinks to each other and made available online by an individual, company, educational institution, government, or organization"[4]

Wikipedia defines "website" as: "... a collection of web pages and related content that is identified by a common domain name and published on at least one web server."[5]

The format in which the records are provided is also problematic for the following reason: the records at the URL provided in the first statement change from time to time.

FOIA requires that records are provided in a format specified by the requester:

---

[4] https://www.merriam-webster.com/dictionary/website#:~:text=%3A%20a%20group%20of%20World%20Wide,number%20or%20visit%20our%20website.%20%E2%80%94

[5] https://en.wikipedia.org/wiki/Website

"In making any record available to a person under this paragraph, an agency shall provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format." *See* 5 U.S.C. § 552 (a)(3)(B)

NIH failed to provide the record in an accessible format as requested by Yim. Yim requested the records in the format of the record itself, if the record exists. Yim made that request in an email on May 6, 2021at 4:57 pm to an attorney for the NIH: "I can accept that response If NIH is able to substantiate their claim by producing the specific record." *See* Declaration in Support of Opposition to Motion for Summary Judgement ("DEC") ¶ 12.

Assuming that no responsive record exists, NIH is required to provide notification of the right to an administrative appeal. See Oglesby v. United States Dep't of the Army, 920 F.2d 57, 67 (D.C. Cir. 1990) (holding that an agency's "no record" response constitutes an "adverse determination" and therefore requires notification of appeal rights under 5 U.S.C. § 552(a)(6)(A)(i)). NIH did not provide such a notification.

B. On June 30, 2021 NIH did not remedy its FOIA violation.

On June 20, 2021 NIH did not remedy its FOIA violation when it did not provide evidence of the adequacy of the records search in its Answer. The June 16, 2021 "Declaration of Gorka Garcia-Malene" only provided a description of "NIH's standard review process". *See* ECF No. 20. Garcia-Malene never affirmed that "NIH's standard review process" was actually followed in responding to Yim's FOIA request (Case No. 55822). *See* ECF No. 20. Nor does Garcia-Malene explain why the "NIH's standard review process" is appropriate in this case. *See* id.

8

The only reference Garcia-Malene makes to the search related to Yim's FOIA request (Case No 55822) is: "On April 23, 2021, NIH finalized the search of the requested records, and determined that they had been posted for public inspection on the NIH official government website" *See* id.

C. On August 27, 2021 at 10:41 am, NIH did not remedy its FOIA violation.

On August 27, 2021 at 10:41 am, NIH did not remedy its FOIA violation when NIH sent Yim an email. *See* DEC ¶ 18 and Exhibit D. The email contained the statement:

"Please be advised that the link you supplied, to wit https://files.covid19treatmentguidelines.nih.gov/guidelines/archive/statement-on-ivermectin-01-14-2021.pdf, is a valid NIH link that directs you to the document responsive to your FOIA request (#55822)."

NIH never sent a FOIA response letter to Yim with the same statement. *See* DEC ¶ 21.

D. On September 1, 2021, NIH did not remedy its FOIA violation.

On September 1, 2021, NIH did not remedy its FOIA violation when it sent Yim a revised FOIA response letter. NIH provided the record in the format requested by Yim but did not confirm that the record was responsive to the FOIA request. *See* DEC (Exhibit E).

The letter included statements from the FOIA response letter of April 23, 2021 (Statement 1 and Statement 2 above).  For the same reasons, those statements are not responsive.  Three additional statements were not included in the FOIA response letter of April 23, 2021:

Statement 3: "Please be advised that

https://files.covid19treatmentguidelines.nih.gov/guidelines/archive/statement-on-ivermectin-01-14-2021.pdf, is a valid NIH link that directs you to the document responsive to your FOIA request date range from 1/01/2021 to 0/28/2021 (#55822)." *See* id.

Statement 4: "As you will recall, on or about May 5, 2021, the NIH supplied you with the link to the archive tab and with specific directions regarding how to find the exact document you requested.". *See* id.

Statement 5: "It appears you were able to locate the publicly available document with those directions." See id.

Statement 3 does not state that the "NIH link" is responsive to the FOIA request, only that it is responsive to Yim's "FOIA request date range". It is an irrelevant statement. Statement 5 is vague. In Statement 5, it is not clear whether the "publicly available document" refers to the document at the provided URL or to a document that is responsive to the FOIA request.

E  On September 8, 2021, NIH did not remedy its FOIA violation.

On September 8, 2021, NIH submitted a status report to the court which did not remedy its violation of FOIA. In a letter to the court, NIH claimed the following:

 "The NIH has fully complied with Mr. Yim's FOIA request and supplied him with the publicly available information responsive to it." *See ECF* No. 16. However, no signed statement is provided that the evidence is true and accurate.

Furthermore, the evidence submitted by Defendants to the court was not true and accurate. In comparing a copy of an email submitted by NIH to the court with a copy of the same email submitted by Yim a material difference is observed. *See* DEC ¶ 28. A URL in the email provided to the court by Yim is functional while the corresponding URL in the email provided to the court by NIH is non-functional. Yim provided his version of the document with a sworn affirmation as to its truth and accuracy. *See* DEC. NIH provided their version of the document without a sworn affirmation as to its accuracy.

### VII.     On September 24, 2021, the NIH failed to make a case for summary judgement.

Defendant's Statement of Material Facts are disputed. *See* Plaintiff's Response to Defendants' Statement of Undisputed Material Facts in Support of Their Motion for Summary Judgement. ("RES") ¶ 7, 8, 11, 19, 21, 25

### VIII.    Conclusion

The National Institutes of Health has failed to respond to a legitimate FOIA request. Yim only asks the court to enforce the Freedom of Information Act so that the public may have an insight into how its government functions. For all the reasons given above, the Court should deny the motion for summary judgment of the NIH.

_____
*Peter Yim* (signature)

Jin-Pyong Peter Yim, Pro Se

Dated October 12, 2021