RACHAEL A. HONIG
Acting United States Attorney
MARGARET ANN MAHONEY
Assistant United States Attorney
United States Attorney's Office
970 Broad Street, Suite 700
Newark, NJ 07102
Tel:(973)-645-2761
email: Margaret.ann.mahoney@usdoj.gov
*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JIN-PYONG PETER YIM, *Plaintiff,* v. NATIONAL INSTITUTES OF HEALTH, *Defendant.* | HON. ZAHID N. QURAISHI Civil Action No. 3:21-CV-07031-ZNQ-LHG |

## REPLY BRIEF IN FURTHER SUPPORT OF
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

RACHAEL A. HONIG
Acting United States Attorney
*Attorney for Defendant*

*On the Brief:*
MARGARET ANN MAHONEY
Assistant United States Attorney

# **TABLE OF CONTENTS**

Preliminary Statement ........................................................................................ 1

    I.     Any Delay in Responding to the Plaintiff's FOIA Request is
          Rendered Moot by the Release of Responsive Information ...................... 2

    II.    Plaintiff's Dissatisfaction with the Information Contained in the
          Responsive Material Does Not Establish a FOIA Violation .................... 4

Conclusion ........................................................................................................ 8

# **TABLE OF AUTHORITIES**

*Cases*

*Anderson v. United States Dept. of Health & Human Servs.*,
  3 F.3d 1383 (10th Cir. 1993) ........................................................................................ 5

*Atkins v. Department of Justice*,
  946 F.2d 1563 (D.C. Cir. 1991) ..................................................................................... 2

*Bloom v. Social Sec. Admin.*,
  72 Fed. Appx. 733, 2003 WL 21513214 (10th Cir. July 3, 2003) ............................. 5

*Bonilla v. U.S. Dept. of Justice*,
  No. 11-20450, 2012 WL 204202 (S.D. Fla. 2012) ....................................................... 2

*Brown v. U.S. Dept. of Justice*,
  169 F. App'x 537 (11th Cir. 2006) ............................................................................... 4

*Calvert v. U.S.*,
  715 F. Supp. 2d 44 (D.D.C. 2010) ................................................................................ 2

*Campbell v. Social Security Admin*,
  446 Fed. App'x 477 (3d Cir 2011) ............................................................................... 7

*Carter v. Veterans Admin.*,
  780 F.2d 1479 (9th Cir. 1986) ...................................................................................... 5

*Church of Scientology of Scientology*,
  506 U.S. 9 (1992) ............................................................................................................ 7

*Cornucopia Institute v. U.S. Dept. of Agriculture*,
  560 F.3d 673 (7th Cir. 2009) ......................................................................................... 4

*Davidson v. Bureau of Prisons*,
  No. 11-309-KSF, 2012 WL 5421161 (E.D. Ky. 2012) ............................................... 2

*DeBold v. Stimson*,
  735 F.2d 1037 (7th Cir. 1984) ...................................................................................... 5

*In Defense of Animals v. National Institutes of Health*,
  543 F. Supp. 2d 8112 (D.D.C. 20 ................................................................................. 3

*Haji v. Bureau of Alcohol, Tobacco, Firearms and Explosives,*
  2004 WL 1783625 (S.D. N.Y. 2004) ................................................................................ 5

*Heily v. U.S. Dept. of Defense,*
  No. 13-5055, 2013 WL 5975876 (D.C. Cir. 2013) ...................................................... 4

*Mills v. Green,*
  159 U.S. 651 (1895) ...................................................................................................... 7

*Meyer v. Comm'r of IRS,* No. 10-767,
  2010 U.S. Dist. LEXIS 114758, at \*15 (D. Minn. Sept. 27, 2010) ............................. 2

*New York Times Co. v. F.B.I.,*
  822 F. Supp. 2d 426 (S.D. N.Y. 2011) ....................................................................... 4

*Perry v. Block,*
  684 F.2d 121 (D.C. Cir. 1982) ................................................................................ 2, 5

*Tijerina v. Walters,*
  821 F.2d 789 (D.C. Cir. 1987) ................................................................................... 2

*United Transp. Union Local 418, Burlington System Div. of the Broth. of*
  *Maintenance of Way Employees v. Boardman,*
  2008 WL 2600176 (N.D. Iowa 2008) ........................................................................ 3

*Voinche v. F.B.I.,*
  999 F.2d 962 (5th Cir. 1993) ...................................................................................... 2

*Von Grabe v. U.S. Dept. of Homeland Sec.,*
  6:09-2162-Orl-31GJK, 2010 WL 3516491 (M.D. Fla. 2010) .................................... 5

*Weisberg v. U.S. Dep't of Justice,*
  705 F. 2d 1344 (D.C.Cir. 1983) ................................................................................. 7

*Williams & Connolly v. S.E.C.,*
  662 F.3d 1240 (D.C. Cir. 2011) .................................................................................. 4

## Preliminary Statement

On or about October 13, 2021, *pro se* plaintiff Jin-Pyong Peter Yim ("Plaintiff" or "Yim") filed an opposition to Defendant's motion for summary judgment. *See* ECF No. 24. In his memorandum, Yim claims that Defendant violated the Freedom of Information Act ("FOIA") by [1] failing to respond to his FOIA request in a timely manner and; [2] by failing to supply him with information he believes to be responsive to his request. *Id.* The NIH responded to Yim's request approximately three months after receiving it. On or about March 31, 2021, the NIH informed Yim that his request "was being processed and is in the queue behind all other requests ahead of yours" following Health and Human Services FOIA "first-in, first-out" guidelines. *See* ECF No. 20, Declaration of Garcia-Malene ¶ 11. On or about April 23, 2021, NIH finalized its search for the requested information and determined that information had been posted for public inspection on the NIH official government website. *Id.* ¶ 13. That same day, NIH sent Plaintiff the link to access all responsive documents. *Id.* Regardless of the reasonably slight delay in response, the issue is now moot as the NIH has fully discharged its obligations under FOIA by supplying Yim with the responsive information. As discussed in Defendant's moving brief and supporting declaration (*See* ECF Nos. 18-20), the NIH performed a FOIA search for responsive information that was reasonably calculated to uncover all relevant documents subject to FOIA. Yim's dissatisfaction with the information contained in the responsive documents does not establish a FOIA violation. As a result, the Court

should grant summary judgment to the Government and dismiss Yim's complaint with prejudice.

## I. ANY DELAY IN RESPONDING THE PLAINTIFF'S FOIA REQUEST IS RENDERED MOOT BY THE RELEASE OF RESPONSIVE INFORMATION

In cases where a FOIA plaintiff alleges a delay in responding to a FOIA request and the agency subsequently responds by releasing the requested information, courts have dismissed the FOIA lawsuit as moot.[1]

---

[1] See, e.g., *Voinche v. F.B.I.*, 999 F.2d 962, 963 (5th Cir. 1993) (dismissing case as moot because only issue in case was "tardiness" of agency response, which was made moot by agency disclosure determination); *Atkins v. Department of Justice*, 946 F.2d 1563, 1563 (D.C. Cir. 1991) ("The question whether DEA complied with the [FOIA's] time limitation in responding to [plaintiff's] request is moot because DEA has now responded to this request.") (unpublished table decision); *Tijerina v. Walters*, 821 F.2d 789, 799 (D.C. Cir. 1987) ("'[H]owever fitful or delayed the release of information, … if we are convinced appellees have, however belatedly, released all nonexempt material, we have no further judicial function to perform under the FOIA.'" (quoting *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982); *Bonilla v. U.S. Dept. of Justice*, No. 11-20450, 2012 WL 204202, at *2 (S.D. Fla. 2012) (granting defendant's motion to dismiss where agency released all non-exempt documents and plaintiff's complaint only asserted claims alleging untimely disclosure of requested records); *Davidson v. Bureau of Prisons*, No. 11-309-KSF, 2012 WL 5421161, at *3 (E.D. Ky. 2012) (holding that in light of response by agency, plaintiff's claim was moot because even though "more than two years have passed since [plaintiff] first submitted his FOIA request," plaintiff's complaint only sought response to his FOIA request); *Meyer v. Comm'r of IRS,* No. 10-767, 2010 U.S. Dist. LEXIS 114758, at *15 (D. Minn. Sept. 27, 2010) (dismissing any claim "based on the timeliness of the IRS's response" as moot in light of agency's response to plaintiff's request); *Calvert v. U.S.,* 715 F. Supp. 2d 44, 47-48 (D.D.C. 2010) (declaring that because plaintiff had not contested agency's

2

NIH received Plaintiff's FOIA request seeking updates to COVID-19 treatment guidelines on January 29, 2021. *See* ECF No. 20, Declaration of Garcia-Malene ¶ 9. In early February 2021, Plaintiff asked for expedited processing of his FOIA request, but the NIH denied that request on February 11, 2021. *Id.* ¶ 10. On March 7, 2021, Yim requested information regarding the estimated date of completion for his FOIA request. *Id.* ¶ 11. The next day, on March 8, 2021, the NIH informed Plaintiff that his request "was being processed and is in the queue behind all other requests ahead of yours" following Health and Human Services ("HHS") FOIA "first-in, first-out" guidelines. *Id.* On March 31, 2021, Yim filed suit against the NIH in the United States District Court, District of New Jersey. *Id.* ¶ 12; *See also* ECF No. 1. On April 23, 2021, NIH finalized its search for the requested information, and determined that the NIH had posted the information for public inspection on the NIH official government website. *Id.* ¶ 13. That same day, NIH sent the Plaintiff the link to access all

---

withholdings or asserted any "facts beyond delay to call into question the adequacy of defendant's search for responsive records," "[t]he court's role in the process has thus come to an end"); *United Transp. Union Local 418, Burlington System Div. of the Broth. of Maintenance of Way Employees v. Boardman*, 2008 WL 2600176, *8 (N.D. Iowa 2008) (dismissing plaintiff's FOIA claim as moot because although "defendants responded to the FOIA request almost a year later, nothing indicates the defendants exercised bad faith in responding"); *In Defense of Animals v. National Institutes of Health,* 543 F. Supp. 2d 83, 112 (D.D.C. 2008) (declining to find "improper delay or withholding of documents" because issue became moot when agency produced all nonexempt records).

responsive documents. *Id.* The slight delay in NIH's response does not entitle Yim to any relief. To the contrary, the issue is now moot as the NIH has fully discharged its obligations under FOIA by supplying Yim with the responsive material.

## II. PLAINTIFF'S DISSATISFACTION WITH THE INFORMATION CONTAINED IN THE RESPONSIVE MATERIAL DOES NOT ESTABLISH A FOIA VIOLATION

As the Defendant argued in its moving brief, the NIH properly responded to Yim's FOIA request by producing the responsive information and informing him that the information was publicly available on the agency's website. *See* ECF Nos. 18-20. In the FOIA context, courts routinely dismiss cases as moot, where, as here, the defendant agency has provided the plaintiff with a full response to his FOIA request subsequent to the district court case being filed.[2] Accordingly, the Court should grant Summary Judgment to the Defendant and dismiss the complaint with prejudice.

---

[2] See, e.g., *Heily v. U.S. Dept. of Defense*, No. 13-5055, 2013 WL 5975876, at *1 (D.C. Cir. 2013) (affirming dismissal of plaintiff's claims as moot after plaintiff received the requested documents while case was pending); *Williams & Connolly v. S.E.C.*, 662 F.3d 1240, 1240 (D.C. Cir. 2011) (affirming judgment of district court that controversy is moot with respect to eleven sets of documents that were provided to plaintiff in full in connection with criminal prosecution); *Cornucopia Institute v. U.S. Dept. of Agriculture*, 560 F.3d 673, 675-78 (7th Cir. 2009) (concluding that agency's production of documents, completeness of which was uncontested, mooted plaintiff's claims); *Brown v. U.S. Dept. of Justice,* 169 F. App'x 537, 540 (11th Cir. 2006) (holding that FOIA claim became moot when documents were released); *New York Times Co. v. F.B.I.*, 822 F. Supp. 2d 426, 431 (S.D. N.Y. 2011) (granting defendant's motion to dismiss for lack of subject matter jurisdiction where FBI

In his Opposition Memorandum, Yim claims that the NIH violated FOIA because the NIH "did not disclose who made the ivermectin recommendation." *Id.* at 5. Yim further claims that his FOIA request "further tests whether a vote was held on the ivermectin recommendation." *Id.* at 6. But that information is not responsive to his January 29, 2021, FOIA request. Yim's January 29, 2021 FOAI request sought records relating to, "All updates to the Coronavirus Disease 2019 (COVID-19)

---

provided an unredacted copy of requested report); *Von Grabe v. U.S. Dept. of Homeland Sec.*, No.6:09-2162-Orl-31GJK, 2010 WL 3516491, *4 (M.D. Fla. 2010), *aff'd on other grounds*, 440 F. App'x 687 (11th Cir. 2011) (dismissing FOIA claim as moot where requested record was released during course of litigation); *Haji v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, 2004 WL 1783625, *2–3 (S.D. N.Y. 2004) (holding that plaintiff's request is moot because requested files, if ever in existence, were destroyed at World Trade Center during attacks of September 11, 2001); *Bloom v. Social Sec. Admin.*, 72 Fed. Appx. 733, 735, 2003 WL 21513214, at * 1 (10th Cir. July 3, 2003) (affirming dismissal on mootness grounds where, after the defendant agency released documents to the plaintiff, "there existed no 'case or controversy' sufficient to confer subject matter jurisdiction on the federal court"); *Anderson v. United States Dept. of Health & Human Servs.*, 3 F.3d 1383, 1384 (10th Cir. 1993) ("Once the government produces all the documents a plaintiff requests, her claim for relief under the FOIA becomes moot."); , 821 F.2d at 799 ("'[H]owever fitful or delayed the release of information... if we are convinced appellees have, however belatedly, released all nonexempt material, we have no further judicial function to perform under the FOIA.'" (quoting *Perry v. Block,* 684 F.2d 121, 125 (D.C. Cir. 1982)): *Carter v. Veterans Admin.*, 780 F.2d 1479, 1481 (9th Cir. 1986) (dismissing as moot complaint seeking injunctive relief directing agency to provide the requested documents, where the agency had voluntarily provided such documents); *DeBold v. Stimson*, 735 F.2d 1037, 1040 (7th Cir. 1984) ("Once the requested documents have been produced, the claim for relief under FOIA becomes moot.").

Treatment Guidelines that were endorsed by a vote of the Panel. (Date Range for Record Search: From 01/01/2021 To 01/28/2021)". *See ECF No. 1,* ¶ 21. On April 23, 2021, the NIH determined that information pertaining to "all updates to the Coronavirus Disease 2019 Treatment guidelines endorsed by vote of the panel" was publicly available on the NIH webpage. *See* Garcia-Malene Decl. ¶ 13. The NIH provided Plaintiff with the exact link to the information on the NIH's public webpage where the responsive material could be found. *Id.* In addition, the NIH offered to print out the information and send it to Plaintiff, if he was not able to access the information himself. *Id.* In his September 2, 2021 letter to the Honorable Zahid Quraishi, Yim acknowledges that the NIH provided him with the responsive information his stating, "I will accept that statement as the NIH FOIA response provided that an employee of the NIH signs a document with that statement." *See* ECF. No. 14. Although not legally obligated to do so, and in a gesture of good faith, the NIH supplied Yim with a second, signed NIH response letter with the exact wording he requested. *See* ECF. 16-16 (Exhibit K-1). Despite his representations to the Court that the second, signed FOIA response letter containing language of his choosing would satisfy his request, Plaintiff now asserts that he is dissatisfied with the response. Plaintiff's dissatisfaction with the information in the responsive documents does not demonstrate a FOIA violation. To meet its burden to show that

no genuine issue of material fact exists, the NIH must demonstrate that it conducted a "search reasonably calculated to uncover all relevant documents." *Campbell v. Social Security Admin,*. 446 Fed. App'x 477 (3d Cir 2011), citing *Weisberg v. U.S. Dep't of Justice*, 705 F. 2d 1344, 1350-51 (D.C.Cir. 1983). Defendant's moving brief, attached exhibits, and the declaration of Gorka Garcia-Malene explains in detail how the NIH has fully satisfied its obligations under FOIA. See ECF Nos. 18-20.

As the foregoing makes clear, the NIH has produced the responsive Ivermectin information to Yim on multiple occasions and in multiple formats, at his request, and he has repeatedly acknowledged as much in his communications. Given the production of this information, it is impossible for the Court to grant any "effectual relief whatever" because relief has already occurred. The Court should therefore grant summary judgment to the Government and dismiss the case as moot. *Church of Scientology of Scientology,* 506 U.S. 9, 113 (1992)(quoting *Mills v. Green,* 159 U.S. 651, 653 (1895)).

## **CONCLUSION**

For the foregoing reasons, the Court should grant summary judgment to the Government; find that the NIH has fully discharged its obligations under FOIA; and dismiss the complaint in all respects.

Dated:    Newark, New Jersey
            October 29, 2021

                                             RACHAEL A. HONIG
                                             Acting United States Attorney

                                             By: *s/ Margaret Ann Mahoney*
                                             MARGARET ANN MAHONEY
                                             Assistant United States Attorney