**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JIN-PYONG PETER YIM,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL INSTITUTES OF HEALTH,<br><br>Defendant. | Civil Action No. 21-07031 (ZNQ) (LHG)<br><br>**OPINION** |

**QURAISHI, District Judge**

      **THIS MATTER** comes before the Court upon a Motion for Summary Judgment filed by Defendant National Institutes of Health ("Defendant" or "NIH") pursuant to Rule 56 of the Federal Rules of Civil Procedure (ECF Nos. 18, 19). Defendant filed a Memorandum of Law in Support of the Motion ("Moving Br.", ECF No. 18), a Statement of Material Facts ("Def. SMF", ECF No. 19). Plaintiff Jin-Pyong Peter Yim ("Plaintiff" or "Yim") filed a Brief in Opposition to the Motion ("Opp. Br.", ECF No. 24), along with a Response to Defendant's Statement of Material Facts ("Plf. SMF", ECF No. 24-1). Defendant replied. (ECF No. 27.)

      The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will GRANT Defendant's Motion for Summary Judgment.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

      This matter concerns *pro se* Plaintiff's request to NIH pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for certain documents and records relating to NIH's

1

COVID-19 treatment guidelines and recommendations. (Def. SMF ¶ 1.) Specifically, on or about January 28, 2021, Plaintiff requested: "All updates to the Coronavirus Disease 2019 (COVID-19) Treatment Guidelines that were endorsed by a vote of the Panel. (Date Range for Record Search: From 01/01/2021 To 01/28/2021)". (*Id.* ¶ 2.) Approximately two months later, Plaintiff filed his FOIA complaint on March 31, 2021. (Complaint ("Cmpl."), ECF No. 1.)

On April 23, 2021, Defendant determined that Plaintiff's requested records were made public and were posted on the NIH official government website. (Def. SMF ¶ 6; Declaration of Gorka Garcia-Malene ("Garcia-Malene Decl."), Ex. 4, ECF No. 20.) During the requested time period, the only update to the NIH's Guidelines concerned the drug ivermectin, which Defendant published on January 14, 2021, on its website.[1] (Cmpl. ¶ 22; Answer ¶ 22, ECF No. 9; Declaration of Jin-Pyong Peter Yim ("Yim Decl.") ¶ 3, ECF No. 24-3.) The parties' attempts to resolve this matter through email correspondence during this time were unsuccessful. (*See* Garcia-Malene Decl., Ex. 6; Yim Decl., Exs. A, B, C, ECF Nos. 24-4, 24-5, 24-6; Defendant's Status Update Letter dated September 8, 2021 ("Def. Ltr."), Exs. A, B, C, ECF Nos. 16-1, 16-3, 16-5.)

On May 10, 2021, the Court denied Defendant's request for an expedited status conference to determine whether the NIH had provided Plaintiff with documents responsive to his request and thereby mooted the matter. (ECF Nos. 5, 7.) Pursuant to a status conference held before the Court on August 25, 2021, the Magistrate Judge ordered the parties to confer to attempt to resolve their dispute. (ECF Nos. 11, 12, 13.)

Following the status conference, on August 26, 2021, Defendant contacted Plaintiff via email asking him to supply the exact web link he would like the NIH to certify as the responsive

---

[1] The COVID-19 Treatment Guidelines Panel's Statement on the Use of Ivermectin for the Treatment of COVID-19 (Jan. 14, 2021),
https://files.covid19treatmentguidelines.nih.gov/guidelines/archive/statement-on-ivermectin-01-14-2021.pdf ("NIH Link".)

record to his FOIA request. (Def. SMF ¶ 18; Def. Ltr., Ex. D, ECF No. 16-6.) Plaintiff replied that the link to the specific record that would be responsive to the FOIA request was the NIH Link. (Def. Ltr., Ex. E, ECF No. 16-7.) In response, on August 27, 2021, Defendant stated via email the following:

> Please be advised that the link you supplied, to wit [NIH Link], is a valid NIH link that directs you to the document responsive to your FOIA request (#55822). As you will recall, on or about May 5, 2021, the NIH supplied you with the link to the archive tab and with specific directions regarding how to find the exact document you requested. It appears you were able to locate the publicly available document with those directions.

(Def. Ltr., Ex. F, ECF No. 16-8; Yim Decl., Ex. D, ECF No. 24-7.)

Yim replied on August 27, 2021, that he wanted "this change to be reflected in a formal NIH FOIA response letter." (Def. SMF ¶ 22; Def. Ltr., Ex. G, ECF No. 16-10.) Following Defendant's request for the exact language which Plaintiff would like included in NIH's response letter, Plaintiff replied: "[t]he language from your previous email is fine. I am interested to know if an NIH employee is willing to sign the letter." (Def. SMF ¶¶ 23, 24; Def. Ltr., Ex. I, ECF No. 16-12.)

On September 1, 2021, Defendant transmitted to Plaintiff a revised letter dated August 31, 2021, from NIH regarding his FOIA request. (Def. Ltr., Ex. J, ECF No. 16-13; Yim Decl. ¶ 22.) The letter was signed by Gorka Garcia-Malene, FOIA Officer for NIH and contained the following language:

> Please be advised that [NIH Link], is a valid NIH link that directs you to the document responsive to your FOIA request *date range from 1/01/2021 to 0/28/2021* (#55822). As you will recall, on or about May 5, 2021, the NIH supplied you with the link to the archive tab and with specific directions regarding how to find the exact document you requested. It appears you were able to locate the publicly available document with those directions.

(Def. Ltr., Ex. J-1, ECF No. 16-14; Yim Decl., Ex. E, ECF No. 24-8) (emphasis added.)

3

On September 2, 2021, Plaintiff submitted a "status update" letter to this Court stating that he made a settlement offer to Defendant but "Defendant has not agreed to that offer." (Plaintiff's Status Update Letter dated September 2, 2021 ("Plf. Ltr."), ECF No. 14.) Specifically, Plaintiff wrote that he would accept, as Defendant's FOIA response, Defendant's statement on August 27, 2021, confirming that the NIH Link directed him to documents responsive to his request "provided that an employee of the NIH signs a document with that statement." (*Id.*) The instant motion ensued.

## II. **LEGAL STANDARD**

FOIA cases are typically adjudicated by summary judgment. *Manna v. United States Dep't of Justice*, 832 F. Supp. 866, 870 (D.N.J. 1993), *aff'd*, 51 F.3d 1158 (3d Cir. 1995). A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact raises a "genuine" dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Williams v. Borough of W. Chester*, 891 F.2d 458, 459 (3d Cir. 1989) (quoting *Anderson*, 477 U.S. at 248).

"In evaluating the evidence, the Court must consider all facts and their logical inferences in the light most favorable to the non-moving party." *Rhodes v. Marix Servicing, LLC*, 302 F. Supp. 3d 656, 661 (D.N.J. 2018) (citing *Curley v. Klem*, 298 F.3d 271, 276–77 (3d Cir. 2002)). "While the moving party bears the initial burden of proving an absence of a genuine dispute of material fact, meeting this obligation shifts the burden to the non-moving party to 'set forth specific facts showing that there is a genuine [dispute] for trial.'" *Id.* (quoting *Anderson*, 477 U.S. at 250).

4

"Unsupported allegations, subjective beliefs, or argument alone . . . cannot forestall summary judgment." *Read v. Profeta*, 397 F. Supp. 3d 597, 625 (D.N.J. 2019). "Thus, if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be no genuine issue of material fact." *Id.* (quoting *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (internal quotations omitted)). "In considering the motion, the Court 'does not resolve factual disputes or make credibility determinations.'" *Rhodes*, 302 F. Supp. 3d at 661 (quoting *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1127 (3d Cir. 1995)).

In the case of *pro se* litigants, courts have an obligation to construe *pro se* pleadings liberally and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999).

### III.   DISCUSSION

#### A.   FOIA OVERVIEW

FOIA provides that a government "agency shall make available to the public" certain information specified in the statute. 5 U.S.C. § 552. "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978). Because the purpose of the statute is "to facilitate public access to Government documents," the statute reflects "a general philosophy of full agency disclosure." *Manna v. United States Dep't of Justice*, 51 F.3d 1158, 1163 (3d Cir. 1995) (internal quotation marks omitted); *see also United States v. Tax Analysts*, 492 U.S. 136, 142 (1989). Accordingly, the FOIA requires federal agencies to make promptly available any records requested

of it by a person, provided that the request "reasonably describes such records." *Landano v. United States Dep't of Justice*, 956 F.2d 422, 425 (3d Cir. 1992) (quoting 5 U.S.C. § 552(a)(3).)

Under § 552(a)(4)(B) of FOIA, federal courts only have jurisdiction over FOIA requests where a plaintiff shows that "an agency has (1) improperly (2) withheld (3) agency records." *Kissinger v. Reporters Comm. for Freedom of Press*, 445 U.S. 136, 150 (1980). An agency withholds records under FOIA when it has custody of responsive documents but declines to release them. *Nelson v. United States*, No. 15-1696, 2016 WL 2865786, at *2 (M.D. Pa. Apr. 8, 2016) (citing *Tax Analysts*, 492 U.S. at 149.) Once all requested nonexempt records have been produced, however belatedly, the district court has no further judicial function to perform under FOIA. *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982) ("[H]owever fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform"); *see also Hajro v. United States Citizenship & Immigr. Servs.*, 811 F.3d 1086, 1103 (9th Cir. 2016) ("[A]fter the agency produces all non-exempt documents . . ., the specific FOIA claim is moot because the injury has been remedied"); *Lechliter v. Dep't of Def.*, 371 F. Supp. 2d 589, 597 (D. Del. 2005) ("[O]nce the records are produced, the controversy becomes moot.")

### B. PRODUCTION OF RESPONSIVE RECORDS

As set forth above, Plaintiff's FOIA request seeks records relating to "[a]ll updates to the Coronavirus Disease 2019 (COVID-19) Treatment Guidelines that were endorsed by a vote of the Panel (Date Range for Record Search: from 01/01/2021 to 01/28/21)." (Def. SMF ¶ 2; Plf. RSMF ¶ 2.) In response to Plaintiff's request, Defendant determined that the documents he requested are publicly available on the NIH website. Defendant provided a link to Plaintiff for the responsive documents on its website. Accordingly, Defendant argues on the Motion that it is entitled to

6

summary judgment because it conducted an adequate and reasonable search and produced all responsive documents, satisfying its obligations under FOIA.

The production of requested, nonexempt documents can moot a FOIA case. *Swick v. United States Dep't of the Army*, 596 F. Supp. 3d 66, 73 (D.D.C. 2022) (citations omitted); s*ee also OSHA Data/CIH, Inc. v. United States Dep't of Labor*, 220 F.3d 153, 168 (3d Cir. 2000) (stating that production of information sought ordinarily renders a FOIA claim moot).

Here, Defendant has produced all the responsive records in its possession. Plaintiff has not argued or alleged that Defendant is improperly or deliberately withholding any records, nor does Plaintiff dispute that the documents contained within the NIH Link are responsive to his request. *See, e.g.*, *Dimodica v. United States Dep't of Justice*, No. 05-2165, 2006 WL 89947, at *4 (S.D.N.Y. Jan. 11, 2006) (noting that a claim is not mooted by agency's production where a plaintiff's FOIA claim alleges that the agency did not produce all the documents requested.)

Instead, Plaintiff argues in his opposition brief that he submitted his FOIA request to the NIH to find out who made the recommendation on the use of ivermectin for the treatment of COVID-19. (Opp. Br. at 5.) Specifically, he contends that "[g]iven that the update for the ivermectin recommendation was made in the specified time period, the FOIA request test whether a vote was held on the ivermectin recommendation." (*Id.* at 6.) However, Plaintiff's FOIA request does not specify that it seeks such records disclosing information regarding "who made the ivermectin recommendation." (Def. SMF ¶ 2; Plf. RSMF ¶ 2.) FOIA only requires that agencies make available requested records, provided that the request "reasonably describes such records." 5 U.S.C. § 552(a)(3). Based on the text of Plaintiff's FOIA request describing the requested records, and absent any objections that the records provided were not responsive, the Court finds that NIH provided documents responsive to Plaintiff's request. Accordingly, Plaintiff's FOIA

7

claim is now moot. *See, e.g.*, *Campbell v. Social Sec. Admin.*, 446 F. App'x 447, 480 (3d Cir. 2011) (upholding district court's mootness determination where the agency produced all responsive records in its possession despite plaintiff's dissatisfaction with the response); *Offor v. United States Equal Emp't Opportunity Comm'n*, 687 F. App'x 13, 14 (2d Cir. 2017) (determining that EEOC's production mooted suit for EEOC records); *Perry*, 684 F.2d at 125, 129 (granting summary judgment for defendants appropriate because they "had at long last surrendered all of the requested documents"); *Harvey v. Lynch*, 123 F. Supp. 3d 3, 5 (D.D.C. 2015) (finding case moot because "Defendants processed the request and produced responsive records"); *Dimodica*, 2006 WL 89947, at *3 (dismissing FOIA claim as moot where the Department of Justice produced the requested documents after the plaintiff filed his complaint).

The Court finds that Plaintiff's remaining objections to Defendant's response to his FOIA request are without merit. Plaintiff does not dispute that the documents themselves, contained within the NIH Link provided to Plaintiff through various email correspondence, are responsive to his FOIA request. Instead, in his opposition brief, Plaintiff argues that the NIH violated FOIA by, *inter alia*, failing to respond promptly to his FOIA request[2] and failing to provide the responsive documents in an accessible format as requested by Plaintiff.[3] (*See, e.g.*, Opp. Br. at 6 ("NIH failed to respond to the request within 20 working days"); *id.* at 8 ("NIH failed to provide the record in an accessible format as requested by Yim.").) Further, Plaintiff asserts that Defendant failed to confirm that the documents were responsive to his FOIA request and that the *statements*

---

[2] Because Defendant has already provided the requested records to Plaintiff, Plaintiff's arguments with respect to the timeliness of the response are now moot. *See Atkins v. Dep't of Justice*, No. 90-5095, 1991 WL 185084, at *1 (D.C. Cir. Sept. 18, 1991) ("The question whether [the agency] complied with the [FOIA's] time limitations in responding to [the plaintiff's] request is moot because [the agency] has now responded to this request."); *Citizens for Responsibility & Ethics in Wash. v. FEC*, 839 F. Supp. 2d 17, 24 (D.D.C. 2011) ("[T]o the extent that Plaintiff's Complaint challenged the timeliness of [the agency's] production, it is now moot.")
[3] Plaintiff admits that as of September 1, 2021, NIH did indeed provide the record in the requested format. (Opp. Br. at 9.)

8

in the Defendant's email correspondence and FOIA response letter were not responsive. (*See, e.g.*, Opp. Br. at 6–7 ("NIH provided non-responsive statements"); *id.* at 9 ("NIH provided the record in the format requested by Yim but did not confirm that the record was responsive to the FOIA request.").)

Even assuming *arguendo* that Plaintiff's objections to Defendant's response had merit, this Court does not have the authority to remedy issues unrelated to the production of responsive documents. The relief a court can order in a FOIA case is limited. *Swick*, 596 F. Supp. 3d at 72; *see also Canning v. United States Dep't of Def.*, 499 F. Supp. 2d 14, 23 (D.D.C. 2007) (quoting *Kissinger*, 445 U.S. at 151–52) ("FOIA is only directed at requiring agencies to disclose those 'agency records' for which they have chosen to retain possession or control."). For that reason, FOIA "only authorizes a court 'to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld.'" *Harvey*, 123 F. Supp. 3d at 7 (quoting 5 U.S.C. § 552(a)(4)(B)). The NIH has produced the requested documents to Plaintiff. Plaintiff does not object to the completeness of the production, nor does he allege that Defendant has withheld any specific documents described in his request. Therefore, the Court has no further statutory function to perform under FOIA with respect to Plaintiff's FOIA claim. *See* 5 U.S.C. § 552(a)(4)(B). Accordingly, the Court finds his claim to be moot. *See Perry*, 684 F.2d at 125 ("Once the records are produced the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made".)

### C.   ADEQUACY OF AGENCY'S SEARCH

Next, Plaintiff argues that Defendant did not provide evidence of the adequacy of its search of its records pursuant to Plaintiff's FOIA request. (Opp. Br. at 8–9.) The Court finds Plaintiff's arguments unpersuasive.

9

In a FOIA case, "even where an agency has already produced the requested records," the plaintiff may still have "a cognizable interest in having a court determine whether the search for records was adequate," and that is true even where the agency that is the subject of the litigation "has already produced the requested records." *Brustein & Manasevit, PLLC v. United States Dep't of Educ.*, 30 F. Supp. 3d 1, 5 (D.D.C. 2013) (internal quotation marks and brackets omitted); *Judicial Watch, Inc. v. FDA*, 514 F. Supp. 2d 84, 88 (D.D.C. 2007) (noting that "courts deciding FOIA disputes always have jurisdiction to determine the adequacy of a search by the agency for records duly requested under the FOIA") (internal quotation marks and citation omitted; *Yonemoto v. Dep't of Veterans Affairs*, 686 F.3d 681, 689 (9th Cir. 2012) ("A FOIA claim is not moot . . . if the agency produces what it maintains is all the responsive documents, but the plaintiff challenges whether the agency's search for records was adequate. In that situation, there is still a live controversy regarding whether the agency is withholding records.") (internal quotation marks and citations omitted), *overruled on other grounds, Animal Legal Def. Fund v. United States Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016)).

Under FOIA, "an agency has a duty to conduct a reasonable search for responsive records." *Lechliter v. Rumsfeld*, 182 F. App'x. 113, 115 (3d Cir. 2006) (citations omitted). The relevant inquiry is not "whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." *Abdelfattah v. United States Dep't of Homeland Sec.*, 488 F.3d 178, 182 (3d Cir. 2007) (quoting *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984).) To demonstrate the adequacy of its search, the agency should provide "a reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials . . . were searched." *Id.* (quoting *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321,

326 (D.C. Cir. 1999).)  However, an agency's affidavits "need not set forth with meticulous documentation the details of an epic search for the requested records." *Manna v. United States Dep't of Justice*, 815 F. Supp. 798, 817 (D.N.J. 1993) (citing *Perry*, 684 F.2d at 126.)  "Moreover, a district court may award summary judgment on the basis of agency affidavits alone where the affidavits are sufficiently detailed and are submitted in good faith." *Manna*, 832 F. Supp. at 870 (citing *Simmons v. United States Dep't of Justice*, 796 F.2d 709, 711–12 (4th Cir.1986).)  "Only when the agency's responses 'raise serious doubts as to the completeness of the search or are for some other reason unsatisfactory' will granting summary judgment in the agency's favor usually be inappropriate." *Manna*, 815 F. Supp. at 817 (quoting *Perry*, 684 F.2d at 126.)

Here, to demonstrate the adequacy of its search, Defendant submitted a declaration from Gorka Garcia-Malene, the FOIA Officer for NIH, describing the NIH's standard review process it utilizes for handling and responding to all FOIA requests. (Garcia-Malene Decl. ¶¶ 5–8.)  During the review process, if the NIH determines that the requested records had been made available to the public the NIH sends a letter to the requestor detailing where he or she may access the records. (*Id.* ¶ 8.)  Accordingly, "[o]n April 23, 2021, NIH finalized the search of the requested records, and determined that they had been posted for public inspection on the NIH official government website." (*Id.* ¶ 13.)  NIH informed Plaintiff that "all updates to the Coronavirus Disease 2019 (COVID-19) Treatment Guidelines are publicly available" and sent the Plaintiff the link to access all responsive documents. (*Id.* ¶¶ 13–14.)

Plaintiff does not argue that Defendant's search itself was inadequate, only that Defendant's affidavit and supporting materials are not sufficiently detailed to demonstrate that it conducted an adequate search. (Opp. Br. at 8–9.)  Specifically, Plaintiff contends that the Garcia-Malene Declaration only provided a description of "NIH's standard review process" but failed to

11

affirm that such a process was actually followed in responding to Plaintiff's FOIA request nor that it was appropriate to apply this process to his request. (*Id.* at 8.)  However, an individual making a FOIA request must follow the published FOIA regulations for the agency to which the request is directed.  *See Lechliter*, 371 F. Supp. 2d at 594 (citing 5 U.S.C. § 552(a)(3)(A)(ii).)  In this case, in processing Plaintiff's FOIA request, Defendant determined that the records Plaintiff requested were publicly available.  Pursuant to the standard review process described in the Garcia-Malene Declaration, Defendant then informed Plaintiff that his requested records were available publicly on the NIH website and sent him the NIH Link to access the responsive records.

Further, the inquiry into the adequacy of the search begins with the "presumption that the agency affidavits and the related search were made in good faith." *Jackson v. United States Gen. Servs. Admin.*, 267 F. Supp. 3d 617, 622 (E.D. Pa. 2017) (citations omitted).  For Plaintiff to rebut such a presumption, "more than purely speculative claims about the existence and discoverability of documents" must be presented, since "[s]peculation that uncovered documents may exist is insufficient to show that the agency's search was unreasonable." *Id.*  Here, Plaintiff does not allege that uncovered documents may exist or that Defendant has improperly withheld any records. Plaintiff offers no arguments or support that raises substantial doubt that Defendant's search was adequate.  *See Cozen O'Conner v. U.S. Dep't of Treasury*, 570 F.Supp.2d 749, 766 (E.D. Pa. 2008) (citing *Valencia-Lucena*, 180 F.3d at 326) ("[T]he requesting party may defeat the agency's motion for summary judgment by producing evidence that raises a substantial doubt that the search was adequate.")

In sum, because Defendant has provided affidavits supporting its assertion that it conducted a reasonable, adequate and good faith search, and it has released all nonexempt material, while Plaintiff has not challenged the adequacy of the search or the documents produced, the Court

concludes that there is no genuine issue of material fact as to NIH having properly discharged its obligation under FOIA.  The Defendant's Motion for summary judgment is therefore GRANTED.

## IV. <u>CONCLUSION</u>

For the reasons stated above, the Court will GRANT Defendant's motion for summary judgment.  An appropriate Order will follow.


Date: **March 29, 2023**

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
